IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAY DEE NELSON, SHANNON NELSON, K.Y., A MINOR, W.N.(1), a minor, W.N.(2), a minor, and K.N., a minor,<br><br>      Plaintiffs,<br><br>vs.<br><br>ORIGINAL SMITH & WESSON BUSINESS ENTITIES AND/OR CORPORATIONS, <u>et al.</u>,<br><br>      Defendants. | Case No. 4:10-cv-0003-RRB<br><br><u>**ORDER DENYING PENDING MOTIONS**</u> |

**I.   INTRODUCTION**

Plaintiffs are a married couple and their four children. On June 6, 2007, one of the children handled a .22 Smith & Wesson caliber revolver, which discharged and struck another child, causing her to become a paraplegic. Plaintiffs have sued Smith & Wesson Corporation and its predecessors and successors-in-interest, both named and unnamed.

ORDER DENYING PENDING MOTIONS - 1
4:10-CV-0003-RRB

In light of the United States Supreme Court's recent and specific guidance regarding complaints in a civil action, this Court granted Defendant's Motion to Dismiss and denied reconsideration.[1]

Plaintiffs now move to amend the judgment, seek leave to file a second amended complaint, and seek "immediate disclosure re: secret inspection of subject firearm."[2] Defendants have responded to the post-dismissal motions in one filing.[3]

Plaintiffs seek to amend the judgment on the grounds that this Court committed "clear error" and the Judgment is "manifestly unjust" in light of the applicable facts and legal standards.[4] Specifically, Plaintiffs allege that "this Court fails to see the clear duty owed by defendants, to design and manufacture a firearm with an appropriate safety mechanism. The state of the art at the time of design and manufacture of the subject firearm was such that an appropriate safety mechanism could have been incorporated into the firearm."[5] Plaintiffs reiterate prior arguments that Defendants

---

[1] See *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50(2009); *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544 (2007).

[2] Dockets 63, 64, and 66.

[3] Docket 73.

[4] Docket 63 at 2.

[5] Docket 63 at 3.

had a duty to warn, recall, and/or retrofit the firearm. Plaintiffs now argue that a product may be found defective in Alaska if a plaintiff demonstrates that the product failed a "consumer expectation test" or the "risk benefit test," and that such "risk utility analysis" is a factual inquiry, not appropriate for a 12(b)(6) motion to dismiss.[6] Plaintiffs argue that the fact that safety mechanisms existed at the time of design is sufficient to allow a fact-finder to conclude that the design risks of the firearm outweighed the benefits of the design, and that the firearm was defective.[7] Plaintiffs further allege that the design and manufacture of a firearm is akin to an ultra-hazardous activity, and the absence of a safety device is itself a design defect.[8] In addition, Plaintiffs seek to amend their Complaint to cure defects noted by the Court's previous orders.[9]

Finally, Plaintiffs seek a court order ordering Defendants to disclose information and documents relating to a "secret inspection of the subject firearm." Plaintiffs believe that the firearm has been inspected by Beacon Investigative Solutions and that the

---

[6] Docket 63 at 4-6.

[7] Docket 63 at 6.

[8] Docket 63 at 7.

[9] Docket 64.

ORDER DENYING PENDING MOTIONS - 3
4:10-CV-0003-RRB

Case 4:10-cv-00003-RRB Document 74 Filed 07/28/10 Page 3 of 5

inspection may have been videotaped.  Plaintiffs believe Defendants are behind this "secret inspection."[10]

In response, Defendants argue this Court lacks jurisdiction, because Plaintiffs have filed a notice of appeal.  Furthermore, they deny any secret inspection, noting that there is no rule preventing Defendants' investigators from inspecting the firearm, and noting that any information gleaned from an inspection is protected by the work product doctrine.  Defendants state that no destructive testing was performed and the firearm was returned to the authorities.[11]

AS stated previously by this Court, Plaintiffs' Complaint suffers several fatal flaws.  Plaintiffs have failed to allege any duty to provide a safety on a gun manufactured in 1972.  Their negligence claim similarly lacks a "duty" element.  Their claims for failure to warn and failure to recall or retrofit also fail to allege any legal basis for a duty to warn, recall, or retrofit.

Plaintiffs simply have not stated viable causes of action. Nothing in their proposed Second Amended Complaint cures this defect.  The Court recognizes that the damages alleged in this

---

[10] Docket 66.

[11] Docket 73.

Case 4:10-cv-00003-RRB   Document 74   Filed 07/28/10   Page 4 of 5

matter are significant, but feels bound by *Iqbal* and *Bell*.[12]  The
Court urges the parties to seek an expedited appeal to resolve the
issue.

Accordingly, the motions at **Dockets 63** and **64** are **DENIED.**  The
Court declines to reach the merits of the motion at **Docket 66**,
which is also **DENIED.**

**IT IS SO ORDERED.**

ENTERED this 28th day of July, 2010.

> S/RALPH R. BEISTLINE
> UNITED STATES DISTRICT JUDGE

---

[12]    *See supra* fn. 1.